# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETÀ ITALIANA CHIMICI SRL, an Italian limited liability company,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>eBIOSCIENCE CORPORATION, a California corporation,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 10cv630 BTM(WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

## I. INTRODUCTION

On March 24, 2010, Plaintiff filed an ex parte application for a temporary restraining order ("TRO Application"). On March 26, 2010, defendant filed an opposition to the TRO Application. On March 29, 2010, the Court held a hearing on the TRO Application. At the hearing, the Court **GRANTED** a TRO requiring defendant eBioscience Corporation to supply plaintiff Società Italiana Chimici SRL ("SIC") with products for all sales up to and including March 31, 2010. The Court **DENIED** all other injunctive relief requested by plaintiff. The Court made findings and conclusions as stated on the record. This order supplements the record.

///

## II. DISCUSSION

A.   Standard

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., __ U.S. __, 129 S. Ct. 365, 375-76 (2008). The Supreme Court has recently set forth the standard applicable to issuing a preliminary injunction. Id. at 374. A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. In Winter, the Supreme Court raised the bar for establishing irreparable harm from a showing of mere "possibility," which had previously applied under the Ninth Circuit's sliding scale approach, to showing a "likelihood" of irreparable harm. Id. at 375-76. Thus, in rejecting the Ninth Circuit's previous approach as "too lenient," the Supreme Court confirmed that in addition to showing that a party is likely to succeed on the merits, the party must show that it is likely to suffer irreparable injury. Id.

B.   Analysis

Defendant eBioscience Corporation manufactures antibodies for use in clinical research. Plaintiff SIC distributes eBioscience products in Italy under an exclusive distribution agreement. The distribution agreement is set to expire in September 2011 by its express terms. Defendant eBioscience, however, has provided SIC with notice that it intends to terminate the agreement early as of March 31, 2010.

In its TRO Application, plaintiff contends it is likely to succeed on the merits because eBioscience had no right to terminate the agreement prior to the express expiration date. Plaintiff further argues that eBioscience is in breach of the agreement because it permitted another distributor, Prodotti Gianni, to proceed with sales of eBioscience products in Italy as of April 1, 2010, prior to the end of its agreement with SIC.

Defendant contends it had the right to terminate early pursuant to section 12(d) of the agreement because: (1) SIC failed to meet the minimum sales requirement of 700,000 €

during the first year of the agreement; and (2) SIC sold products that compete with eBioscience products.[1]  According to defendant, both of these constitute a breach of the agreement by SIC.

The parties both contest the allegations that they breached the agreement.  On the record before the Court, plaintiff has not shown that it is likely to succeed on the merits of its claim of breach of the distribution agreement.

Next, plaintiff contends that it will suffer irreparable injury in the absence of injunctive relief.  Plaintiff argues that if it is not permitted to continue to sell eBioscience products, the damage to "SIC's reputation and goodwill among conservative biological, medical and life science research institutional clientele would be severe and incalculable."  Plaintiff also specifically notes that SIC has not yet delivered some of the products required to meet even its current sales obligations due to backordered items.

Defendant responds that this case is a "garden variety" breach of contract case and any damage suffered by plaintiff can be measured and awarded at the end of the case. Defendant further points out that customers have already been notified of the change in eBioscience distributors.  Accordingly, plaintiff's claims of harm to its reputation are based on past conduct and are insufficient to support an injunction to prevent future harm.  Finally, according to defendant, sales of eBioscience products only constitute approximately 14% of SIC's overall business.

The Court concludes plaintiff has failed at this point to show a likelihood of irreparable harm, except as to its potential inability to fill all sales orders made up to and including March 31, 2010.  Other than the inability to complete current sales obligations, plaintiff's claims of irreparable injury to its reputation are purely speculative and not supported by actual evidence.

---

[1] Section 12(d) of the distribution agreement states: "Either party may terminate this Agreement in the event the other party failed to perform or otherwise breaches any of its obligations hereunder (except as otherwise provided in section 8b).  The party desiring to terminate must provide the other party at least thirty (30) days written notice of termination." There is no section 8b in the agreement and the record reflects eBioscience gave SIC 120 days notice.

Therefore, insofar as eBioscience has not yet delivered the products necessary for SIC to meet its obligations for sales made up the date of termination, eBioscience shall be required to make such delivery and shall be enjoined from failing to deliver the products necessary for SIC to fulfill its current sales obligations.

### III. CONCLUSION

For the reasons set forth on the record and in this order, plaintiff's application for a temporary restraining order is **GRANTED** in part and **DENIED** in part as follows:

(1)  Defendant and its agents, assigns, employees, officers, attorneys, and representatives are **RESTRAINED AND ENJOINED** from depriving plaintiff of any eBioscience products that are necessary to meet all sales that have been made up to and including March 31, 2010. Defendant is hereby required to provide such products as are necessary to meet the requirements of such sales already made up to March 31, 2010.

(2)  This temporary restraining order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or other acceptable means of service.

(3)  Given the limited nature of the relief, no bond will be required as security.

(4)  This temporary restraining order was entered on March 29, 2010 at approximately 1:00 PM and shall remain in effect until further order of the Court.

(5)  The application for a temporary restraining order is **DENIED** in all other respects. No restraining order shall issue with respect to any injunctive relief requested by plaintiff except as set forth above.

(6)  An Early Neutral Evaluation ("ENE") Conference has been set for **April 9, 2010 at 10:00 a.m.** in Courtroom F before the Honorable William V. Gallo. The parties shall submit confidential ENE statements on or before **April 7, 2010**.

///
///
///
///

1    (7)    A hearing on plaintiff's Motion for a Preliminary Injunction has been set for **May 10, 2010 at 10:30 a.m.** Plaintiff's motion for preliminary injunction shall be filed on or before **April 12, 2010.** Any opposition in response to the motion shall be filed on or before **April 26, 2010.** Any reply to the response shall be filed on or before **May 3, 2010.**

**IT IS SO ORDERED.**

DATED: March 30, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge